

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:21Cr2CWR-FKB |
| DARIE DAREALL THOMPSON, a//k/a<br>Dareall D. Thompson, and<br>TENESIA A. EVANS | 18 U.S.C. § 666(a)(1)(A)<br>18 U.S.C. § 371<br>18 U.S.C. § 1519 |

**The Grand Jury charges:**

INTRODUCTION

At all times relevant to this Indictment:

1.　Defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** was an employee of the City of Meridian Police Department ("MPD"), and an employee of the Meridian Public School District. Defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** also was Sergeant in the Meridian Police Department in charge of the MPD Gang Unit.

2.　Defendant **TENESIA A. EVANS** was an employee of the City of Meridian Police Department, and an employee of the Meridian Public School District. Defendant **TENESIA A. EVANS** was a member of the MPD Gang Unit.

3.　The City of Meridian, Mississippi, and its Police Department received federal funding, including but not limited to federal funds from the United States Departments of Homeland Security, Justice and Transportation.

4.　The Meridian Public School District received federal funding, including but not limited to federal funds from the United States Department of Education.

COUNT 1
(18 U.S.C. § 666(a)(1)(A): Theft Concerning Programs Receiving Federal Funds)

5.    From on or about October 1, 2016, through on or about September 30, 2017, in Lauderdale County in the Northern Division of the Southern District of Mississippi, the defendant, **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson**, being an agent and employee of the City of Meridian, Mississippi (the "City") and being an agent and employee of the Meridian Public School District, aided and abetted by others unknown, did knowingly embezzle, steal, and obtain by fraud, and otherwise without authority knowingly converted to his own use, $8,751 in funds owned by and under the care, custody and control of the City and the Meridian Public School District, each a local governmental entity which received in excess of $10,000 in federal funding during the one year period beginning October 1, 2016, all in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

COUNT 2
(18 U.S.C. § 666(a)(1)(A): Theft Concerning Programs Receiving Federal Funds)

6.    From on or about October 1, 2017, through on or about September 30, 2018, in Lauderdale County in the Northern Division of the Southern District of Mississippi, the defendant, **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson**, being an agent and employee of the City of Meridian, Mississippi (the "City") and being an agent and employee of the Meridian Public School District, aided and abetted by others unknown, did knowingly embezzle, steal, and obtain by fraud, and otherwise without authority knowingly converted to his own use, $5,475 in funds owned by and under the care, custody and control of the City and the Meridian Public School District, each a local governmental entity which received in excess of $10,000 in federal funding during the one year period beginning October 1, 2017, all in violation

of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT 3
(Conspiracy to Violate Federal Law: 18 U.S.C. § 371)

7. Paragraphs 1 through 4 above are restated and realleged as if fully set forth herein.

8. From on or about August 1, 2016, and continuing through September 30, 2018, in Lauderdale County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS,** did knowingly and willfully combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to knowingly embezzle, steal, and obtain by fraud, and otherwise without authority knowingly to convert to their own use, funds owned by and under the care, custody and control of the City and the Meridian Public School District, all in violation of Title 18, United States Code, Section 666(a)(1)(A).

### Objects of the Conspiracy

9. It was the object of the conspiracy for the defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS** and their conspirators to unjustly enrich and benefit themselves, by falsely claiming pay for the same time worked from two employers, and by coordinating and submitting time sheets recording hours that they did not physically work and were not authorized to be absent from their duty locations, to unlawfully benefit themselves; and to defraud the City of Meridian, the United States, and other persons, in order to make money and profit by defrauding the Meridian Police Department and the Meridian Public School District.

3

## Overt Acts

10. In furtherance of the conspiracy and to effect the object thereof, there were committed, in the Southern District of Mississippi, and elsewhere, at least one of the following overt acts, among others:

   a. On a weekly basis, on or about August 1, 2016, and continuing through September 30, 2018, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS** conferred and consulted between themselves and with others to determine schedules for the MPD Gang Unit and decide the work hours for the members to schedule. Each member of the Gang Unit including defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS** would sign a time sheet, and defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** would keep track of and submit the time sheets.

   b. On or about October 10, 2016, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 127 hours during the pay period September 14-27, 2016, when he knowingly had been absent from assigned duties at least 12 hours.

   c. On or about November 15, 2016, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 114 hours during the pay period October 26 – November 8, 2016, when she knowingly had been absent from assigned duties at least 16 hours.

   d. On or about December 5, 2016, defendant **DARIE DAREALL**

THOMPSON a/k/a Dareall D. Thompson knowingly received, accepted and retained payment for 124 hours during the pay period November 9 – 22, 2016, when he knowingly had been absent from assigned duties at least 42 hours.

e. On or about December 5, 2016, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 109 hours during the pay period November 9 – 22, 2016, when he knowingly had been absent from assigned duties at least 17 hours.

f. On or about December 16, 2016, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 97 hours during the pay period November 23 – December 6, 2016, when she knowingly had been absent from assigned duties at least 17 hours.

g. On or about January 2, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 139 hours during the pay period December 7 – 20, 2016, when he knowingly had been absent from assigned duties at least 14 hours.

h. On or about April 18, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 103 hours during the pay period March 29 – April 11, 2017, when he knowingly had been absent from assigned duties at least 19 hours.

i. On or about May 22, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 137 hours during the pay period April 26 – May 9, 2017, when he

knowingly had been absent from assigned duties at least 14 hours.

j. On or about June 19, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 147 hours during the pay period May 24 – June 6, 2017, when he knowingly had been absent from assigned duties at least 7 hours.

k. On or about June 19, 2017, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 139 hours during the pay period May 24 – June 6, 2017, when she knowingly had been absent from assigned duties at least 17 hours.

l. On or about June 29, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 107 hours during the pay period June 7 – 20, 2017, when he knowingly had been absent from assigned duties at least 3 hours.

m. On or about June 29, 2017, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 104 hours during the pay period June 7 – 20, 2017, when he knowingly had been absent from assigned duties at least 15 hours.

n. On or about August 14, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 137 hours during the pay period July 19 – August 1, 2017, when he knowingly had been absent from assigned duties at least 17 hours.

o. On or about August 14, 2017, defendant **TENESIA A. EVANS** knowingly

6

received, accepted and retained payment for 105 hours during the pay period July 19 – August 1, 2017, when he knowingly had been absent from assigned duties at least 5 hours.

p. On or about September 11, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 103.5 hours during the pay period August 16 – 29, 2017, when he knowingly had been absent from assigned duties at least 44 hours.

q. On or about September 11, 2017, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 126.5 hours during the pay period August 16 – 29, 2017, when she knowingly had been absent from assigned duties at least 28 hours.

r. On or about October 23, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 107 hours during the pay period September 27 – October 10, 2017, when he knowingly had been absent from assigned duties at least 16 hours.

s. On or about November 14, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 91 hours during the pay period October 25 – November 7, 2017, when he knowingly had been absent from assigned duties at least 24 hours.

t. On or about November 14, 2017, defendant **TENESIA A. EVANS** knowingly

7

received, accepted and retained payment for 91 hours during the pay period October 25 – November 7, 2017, when she knowingly had been absent from assigned duties at least 25 hours.

u. On or about December 4, 2017, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 109 hours during the pay period November 8 – 21, 2017, when he knowingly had been absent from assigned duties at least 8 hours.

v. On or about December 4, 2017, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 109 hours during the pay period November 8 – 21, 2017, when she knowingly had been absent from assigned duties at least 16 hours.

w. On or about March 12, 2018, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 104 hours during the pay period February 14 – 27, 2018, when he knowingly had been absent from assigned duties at least 16 hours.

x. On or about March 12, 2018, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 104 hours during the pay period February 14 – 27, 2018, when he knowingly had been absent from assigned duties at least 8 hours.

y. On or about May 21, 2018, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 98 hours during the pay period April 25 – May 8, 2018, when he

8

knowingly had been absent from assigned duties at least 16 hours.

z. On or about June 1, 2018, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 117 hours during the pay period May 9 – 22, 2018, when he knowingly had been absent from assigned duties at least 7 hours.

aa. On or about June 1, 2018, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 117 hours during the pay period May 9 – 22, 2018, when he knowingly had been absent from assigned duties at least 13 hours.

bb. On or about June 20, 2018, defendant **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson** knowingly received, accepted and retained payment for 101 hours during the pay period May 23 – June 5, 2018, when he knowingly had been absent from assigned duties at least 9 hours.

cc. On or about June 20, 2018, defendant **TENESIA A. EVANS** knowingly received, accepted and retained payment for 92 hours during the pay period May 23 – June 5, 2018, when he knowingly had been absent from assigned duties at least 12 hours.

All in violation of Title 18, United States Code, Section 371.

COUNT 4
(Conspiracy to Violate Federal Law: 18 U.S.C. § 371)

11. Paragraphs 1 through 4 above are restated and realleged as if fully set forth herein.

12. From on or about August 1, 2016, and continuing through September 30, 2018, in Lauderdale County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS,** did knowingly and willfully combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to knowingly alter, falsify and make a false entry in a record and document, to wit: timesheets, with the intent to impede, instruct and influence the investigation and proper administration of federal funds granted and given to the City of Meridian, the Meridian Police Department, and the Meridian Public School District, matters that the defendant knew and contemplated were within the jurisdiction of the United States Department of Justice, the United States Department of Homeland Security, the United States Department of Education and the United States Department of Transportation, each a department and agency of the United States, all in violation of Title 18, United States Code, Section 1519.

**Objects of the Conspiracy**

13. It was the object of the conspiracy for the defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS** and their conspirators to unjustly enrich and benefit themselves, by falsely claiming pay for the same time from two employers, and by falsifying, altering and submitting time sheets recording hours that they did not physically work and were not authorized to be absent from their duty locations, to unlawfully

conceal and impede discovery of their scheme to defraud the City of Meridian, the United States, and other persons, all in order to make money and profit by defrauding the Meridian Police Department and the Meridian Public School District.

### Overt Acts

14. In furtherance of the conspiracy and to effect the object thereof, there were committed, in the Southern District of Mississippi, and elsewhere, at least one of the following overt acts, among others:

   a. On or about November 6, 2016, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

   b. On or about November 15, 2016, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

   c. On or about December 5, 2016, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

   d. On or about June 5, 2017, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

11

e. On or about June 19, 2017, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

f. On or about July 31, 2017, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

g. On or about August 28, 2017, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

h. On or about November 5, 2017, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

i. On or about November 14, 2017, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

j. On or about February 26, 2018, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

  k. On or about May 21, 2018, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet.

  l. On or about June 1, 2018, defendants **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, each signed and caused to be submitted for record a falsified and inaccurate timesheet

COUNTS 5-17
(Alteration and Falsification of Records: 18 U.S.C. § 1519)

15. Paragraphs 1 through 3 of this Indictment are realleged as though fully restated herein.

16. On or about the respective dates set forth below, in Lauderdale County in the Northern Division of the Southern District of Mississippi, the defendants, **DARIE DAREALL THOMPSON a/k/a Dareall D. Thompson and TENESIA A. EVANS**, did knowingly alter, falsify and make a false entry in a record and document, to wit: timesheets, with the intent to impede, instruct and influence the investigation and proper administration of federal funds granted and given to the City of Meridian, the Meridian Police Department, and the Meridian Public School District, matters that the defendant knew and contemplated were within the jurisdiction of the United States Department of Justice, the United States Department of Homeland Security, the United States Department of Education, and the United States Department of Transportation, each a department and agency of the United States:

| COUNT | DATE | DOCUMENT |
|---|---|---|
| 5 | November 6, 2016 | Time sheet for pay period October 26 – November 8, 2016 |
| 6 | November 15, 2016 | Time sheet for pay period November 9 – 22, 2016 |
| 7 | December 5, 2016 | Time sheet for pay period November 23 – December 6, 2016 |
| 8 | December 16, 2016 | Time sheet for pay period December 7 – 20, 2016 |
| 9 | June 5, 2017 | Time sheet for pay period May 24 – June 6, 2017 |
| 10 | June 19, 2017 | Time sheet for pay period June 7 – 20, 2017 |
| 11 | July 31, 2017 | Time sheet for pay period July 19 – August 1, 2017 |
| 12 | August 28, 2017 | Time sheet for pay period August 16 – 29, 2017 |
| 13 | November 5, 2017 | Time sheet for pay period October 25 – November 7, 2017 |
| 14 | November 14, 2017 | Time sheet for pay period November 8 – 21, 2017 |
| 15 | February 26, 2018 | Time sheet for pay period February 14 – 27, 2018 |
| 16 | May 21, 2018 | Time sheet for pay period May 9 – 22, 2018 |
| 17 | June 1, 2018 | Time sheet for pay period May 23 – June 5, 2018 |

All in violation of Title 18, United States Code, Sections 1519 and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant(s) shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.   Further, if any property described above, as a result of any act or omission of the defendant(s): (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent

of the United States to seek a judgment of forfeiture of any other property of the defendant(s), up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461.

*/s/ Darren LaMarca for*
D. MICHAEL HURST, JR.
United States Attorney

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the ___12th___ day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE