IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

V.                                                                       CAUSE NO. 3:21-CR-00002-CWR-FKB

DARIE DAREALL THOMPSON AND                                                               DEFENDANTS
TENESIA A. EVANS

### ORDER

Before the Court is defendant Darie Dareall Thompson's motion in limine. Docket No. 58. The Government opposes this motion. Docket No. 63. On review, the motion will be denied.

I.      **Factual and Procedural History**

This case centers around an alleged conspiracy to steal federal funds by engaging in falsification of timesheets.

Thompson served as a sergeant in the Meridian Police Department ("MPD"), where he oversaw the MPD Gang Unit, as well as law enforcement services provided to the Meridian Public School District ("MPSD"). The Government alleges that from October 1, 2016 through September 30, 2017, Thompson, acting in concert with co-defendant Tenesia A. Evans, a member of the MPD Gang Unit, converted funds from the City of Meridian and MPSD. The Government specifically alleges that Thompson and Evans conspired to falsely claim payment from MPSD and the City by filling out their timesheets for hours they did not work. The present indictment, filed on January 12, 2021, is the second charging Thompson on the underlying allegations; however, it is the first to join Thompson and Evans as co-defendants.

The present motion concerns discovery material that the Government turned over to the defendants. Thompson particularly objects to an extrajudicial statement by Evans during a February 2020 interview with the Government, claiming that it "it can reasonably be construed as

incriminating" him. Docket No. 58 at 2. Evans' counsel was present during the interview. Thompson claims that introduction of the statement would violate his Sixth Amendment confrontation rights if Evans elects not to testify at trial. *Id.* He therefore asks that this Court exclude the statements from trial. Alternatively, he requests "that this Court grant a severance from the codefendant . . . Evans." *Id.*

The Government objects to Thompson's motion. It first argues that introduction of Evans' extrajudicial statements does not violate Thompson's Sixth Amendment rights. While it acknowledges that Evans' statements "do implicate the *Bruton* doctrine," the Government also submits that it "may still use a nontestifying codefendant's statements with appropriate limitation or redaction." Docket No. 63 at 4. As to relevancy, the Government represents that Evans' statements are "admissible to show her understanding and agreement to take part in a conspiracy." *Id.* With respect to form, the Government intends to introduce Evans' extrajudicial statements "by the testimony at trial of either or both of the law enforcement agents present to hear and witness [Evans'] statements." *Id.* And the Government notes that it can "limit witness testimony concerning Evans's interview statements and not discuss in that testimony her mention of Thompson by name." *Id.* at 5. Thus, the Government contends, exclusion of Evans' statement is inappropriate.[1]

**II.   Discussion**

> The purpose of a motion *in limine* is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending material cannot overcome its prejudicial influence on the jurors' minds."

---

[1] In its response, the Government did not directly address Thompson's alternative argument for severance.

*United States v. Ward*, NO. 5:19-CR-3-KHJ-LGI, 2021 WL 2463571, at *1 (S.D. Miss. June 16, 2021) (quoting *Parker v. Tyson, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020)). Thompson's motion in limine centers on his contention that admission of Evans' extrajudicial statements violates his rights under the Confrontation Clause of the Sixth Amendment. The Court considers Thompson's request to prohibit the Government from introducing the evidence, and his motion in the alternative for a severance, in turn.

    A.  *Bruton* **and Sixth Amendment issues**

The Confrontation Clause of the Sixth Amendment secures a criminal defendant the right to confront witnesses against him. In *Bruton v. United States*, the Supreme Court recognized that introduction of a co-defendant's extrajudicial statements that incriminated the petitioner in a joint trial "violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." 391 U.S. 123, 126 (1968). "Where testimonial evidence is at issue," to introduce it in conformity with the Sixth Amendment requires "unavailability [of the witness] and a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 68 (2004). Nevertheless, "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Consistent with *Marsh*, the Fifth Circuit has recognized that the *Bruton* line of cases "have held that a non-testifying witness's out-of-court statement, including a co-defendant's confession, that facially incriminates a defendant violates the defendant's Sixth Amendment right to confrontation, even when the jury is instructed not to consider the prior statements as evidence against the defendant." *United States v. Harper*, 527 F.3d 396, 403 (5th Cir. 2008). But this

prohibition is not unqualified. "The Sixth Amendment protection is not triggered where the content of out-of-court statements is not revealed, and the statements at issue do not imply a defendant's guilt." *United States v. Kizzee*, 877 F.3d 650, 658 (5th Cir. 2017) (citations omitted).

The key inquiry, then, is whether the proposed use of Evans' extrajudicial statements at trial will "directly or obviously" implicate Thompson, absent the introduction of other evidence. *See Harper*, 527 F.3d at 406. Here, the Government seeks to introduce Evans' statements not to demonstrate that she worked at the direction of Thompson specifically, but to show "that she acted at the direction of others," unnamed, "and was part of an agreed group, in falsifying her timesheets." Docket No. 63 at 5. It further submits that it "can provide separate and different witnesses and evidence to identify Thompson" as part of the conspiracy. *Id.*

Such testimony does not directly or obviously implicate Thompson. As represented, it makes no allusion to his existence. This approach satisfies the *Marsh* standard. *See* 481 U.S. at 211. Accordingly, introduction of Evans' extrajudicial statements does not violate Thompson's Sixth Amendment rights. The Court will therefore deny Thompson's motion to exclude.

### B. Severance

As an alternative to excluding Evans' extrajudicial statements, Thompson requests severance.

> Severance is an exception, warranted only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. This presumption stems from the belief that defendants who are indicted together should generally be tried together, particularly in conspiracy cases, because joint trials promote efficiency and protect against the inequity of inconsistent verdicts.

*United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (cleaned up). A successful motion to sever requires the defendant to demonstrate "that: (1) the joint trial prejudice[s] him to such an extent that the district court [can] not provide adequate protection; and (2) the prejudice

4

outweigh[s] the government's interest in economy of judicial administration." *United States v. Peterson*, 244 F.3d 385, 393 (5th Cir. 2001) (citations and quotation marks omitted).

This burden is greater in the context of conspiracy cases, where courts "generally favor specific instructions over severance." *Ledezma-Cepeda*, 894 F.3d at 690. To prevail, a defendant seeking severance in a conspiracy case "must identify specific instances of prejudice unremediated by limiting instructions." *Id.*

Thompson makes no such showing. Rather, he reiterates his *Bruton* and Sixth Amendment concerns. He does not demonstrate that failure to sever will prejudice him such that any action by this Court—for example, issuance of a limiting instruction—offers inadequate protection. Nor does he show that any putative prejudice outweighs the government's interest in the economy of judicial administration. Consequently, the Court declines to sever Thompson and Evans' trials.

### IV.  Conclusion

The motion is denied.

**SO ORDERED**, this the 2nd day of March, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
