IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**,

        *Plaintiff*,

v.                                  Cause No. 3:21-CR-2-CWR-LGI

**DARIE DAREALL THOMPSON**, *a/k/a*
**DARREALL D. THOMPSON**

        *Defendant*.

## ORDER

Before the Court is the Government's *Notice of Intent to Introduce Evidence of Other Acts* against the Defendant, Docket No. 83, and the Defendant's Response in Opposition, Docket No. 120. Upon review, the Government's motion will be denied without prejudice.

**I.  Factual and Procedural History**

In January 2021, a federal grand jury in the Southern District of Mississippi returned a seventeen-count Indictment against the Defendant, Darie D. Thompson. The first two counts charged Thompson with stealing from programs that receive federal funds in violation of 18 U.S.C. § 666(a)(1)(A); the third and fourth counts charged him with conspiracy to violate federal law in violation of 18 U.S.C. § 371; and the remaining thirteen counts charged him with altering and falsifying records in violation of 18 U.S.C. § 1519. *See* Docket No. 3. As outlined in the Indictment, these charges stem from Thompson's submission of fraudulent billing records for regular and overtime pay during his time as a Sergeant with the Meridian Police Department. *Id.*

Thompson is set to proceed to trial on these charges on June 9, 2023. In anticipation of trial, the Government seeks the Court's leave to introduce evidence of other acts "pursuant to Fed. R. Evid. 404(b), 405(a), 608, and other legal authorities." Docket No. 83 at 1.

## II.    Legal Standard

Federal Rule of Evidence 404(b) prohibits the admission of evidence of a crime, wrong, or other act for the purpose of "prov[ing] a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). But if used for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," such evidence may be admissible. *Id.*

The Fifth Circuit employs a two-part test to determine whether extrinsic evidence is admissible under Rule 404(b). *United States v. Sanders*, 343 F.3d 511, 517-18 (5th Cir. 2003) (citing *United States v. Beechum*, 582 F.2d 898, 909-18 (5th Cir. 1978) (en banc)). First, the Court determines whether the evidence is "relevant to an issue other than the defendant's character." *United States v. Crawley*, 533 F.3d 349, 354 (5th Cir. 2008) (citation omitted). If the evidence is relevant for at least one permissible purpose, then the Court determines "whether, consistent with Rule 403, the evidence 'possess[es] probative value that is not substantially outweighed by its undue prejudice.'" *Id.* (citation omitted).

Importantly, evidence of other acts is relevant only if the government proves that the acts actually occurred and that the defendant committed those acts. Here, the Court considers whether "the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988). The government meets this

standard by providing "some evidence that the defendant committed the bad act." *Crawley*, 533 F.3d at 354.

## III. Discussion

The Government seeks to present evidence that Thompson also "submit[ted] fraudulent timesheets to the Marion Police Department during the same time frames contained in the indictment." Docket No. 83 at 5. The Government argues that the fraudulent timesheets from the Marion Police Department "demonstrate[] [Thompson's] knowledge, intent and further show that his submissions were part of a common scheme or plan orchestrated over an extensive period of time and not based on an accident or mistake." *Id*. And given that the evidence the Government seeks to admit "is no more sensational than the crime charged in the indictment, it is unlikely the probative value of the evidence will be outweighed by unfair prejudice." *Id*. at 7.

Thompson disagrees. He asserts that the timesheets from the Marion Police Department should be excluded because the Government has not provided "any analysis to establish why these records prove anything that is material or relevant." Docket No. 120 at 4. Because "there simply is nothing to indicate that the Marion Police Department records are 'fraudulent'," Thompson believes that "*any* alleged probative value of these documents is substantially outweighed by the danger of unfair prejudice; confusion of the issues misleading the jury; and the undue delay." *Id*. at 5 (emphasis in original).

The Court finds the Defendant's arguments persuasive. Even if the Court agreed with the Government on the first prong—that is, that the proposed evidence goes to knowledge, intent, or plan—the Government has not shown how the probative value is not substantially outweighed by the danger of unfair prejudice to Defendant and the likelihood of confusing

the jury with a separate "mini-trial" or trials. The Government has not shown that there was any investigation surrounding the Marion Police Department documents or any report of wrongdoing on Mr. Thompson's account with respect to the Marion timesheets. Additionally, the Court finds that the Government's proposed limiting instruction does not cure the prejudice because it is likely that the jury will view the proposed evidence as suggesting Thompson's propensity for falsifying timesheets, which is exactly the kind of suggestion that Rule 404(b) proscribes. *Crawley*, 533 F.3d at 353 (404(b) "guard[s] against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense").

### IV. Conclusion

For the foregoing reasons, the Government's motion to introduce other acts is **DENIED WITHOUT PREJUDICE**. Should the Government still wish to introduce such evidence at trial, it must first explain—outside the presence of the jury—how it will address the concerns outlined here. The Court then will determine whether that evidence will be presented to the jury. *Jones v. Singh*, No. 3: 19-CV-338-CWR-LRA, 2020 WL 4738367, at *2 (S.D. Miss. August 15, 2020).

**SO ORDERED**, this the 7th day of June, 2023.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE